**Maria Angela Navarro BIVIANO; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–75675.**

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2007 *.

Filed May 14, 2007.

Maria Angela Navarro Biviano, Riverside, CA, pro se.

Jose Francisco Rodriguez Rocha, Riverside, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the Dis-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

trict Counsel Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., Claire L. Workman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, GOULD and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Petitioners' motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reconsider the denial of cancellation of removal.

The regulations provide that "a party may file only one motion to reconsider any given decision...." *See* 8 C.F.R. § 1003.2(b)(2). Therefore, the BIA did not abuse its discretion in denying petitioners' fourth motion to reconsider as numerically barred. *See id.; Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004).

Further, to the extent this petition for review challenges the BIA's refusal to exercise its authority to reconsider *sua sponte,* this court lacks jurisdiction over such a decision. *See Ekimian v. I.N.S.,* 303 F.3d 1153 (9th Cir.2002).

Accordingly, respondent's motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam). The motion to dismiss in part is also granted. *See Ekimian,* 303 F.3d at 1159.

All other pending motions are denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

